**Eduardo Perez MEJIA;
et al., Petitioners,**

**v.**

**John ASHCROFT, Attorney
General, Respondent.**

No. 02–70732.

United States Court of Appeals,
Ninth Circuit.

Submitted March 15, 2004.*

Decided March 24, 2004.

Eduardo Perez Mejia, Las Vegas, NV, pro se.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Director, Immigration & Naturalization Service, Phoenix, AZ, OIL, Anh–Thu P. Mai, U.S. Department of Justice, Washington, DC, for Respondent.

Before: B. FLETCHER, WARDLAW, and CLIFTON, Circuit Judges.

MEMORANDUM **

Eduardo Perez Mejia and his wife, Rosalba Alejandro Perez, natives and citizens of Mexico, petition pro se for review of the summary affirmance by the Board of Immigration Appeals ("BIA") of the decision

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

of the immigration judge ("IJ") ordering them removed from the United States. We have jurisdiction under 8 U.S.C. § 1252. We review de novo claims of due process violations in immigration proceedings and the agency's determination of purely legal questions. *Vasquez–Zavala v. Ashcroft,* 324 F.3d 1105, 1107 (9th Cir. 2003). We deny the petition for review.

Petitioners' contention that the IJ incorrectly found that they were ineligible for suspension of deportation fails because the April 22, 1997 Notices to Appear placed them under removal rather than deportation procedures, and their attempts to present themselves before the immigration authorities prior to the April 1, 1997 deadline enacted in the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 did not result in their having a "settled expectation" of being placed in deportation rather than removal proceedings. *See id.* at 1108–09; *Jimenez–Angeles v. Ashcroft,* 291 F.3d 594, 600–02 (9th Cir. 2002).

Petitioners' contention that the BIA's summary affirmance procedure was inconsistent with due process is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 848–49 (9th Cir.2003).

PETITION FOR REVIEW DENIED.

---

\* John Ashcroft is the proper respondent. The Clerk shall amend the docket to reflect the above caption.

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.